

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 21, 1964

Honorable Dean Martin
County Attorney
Grayson County
Sherman, Texas

Opinion No. C-296

Re: Whether the County Judge's permission has to be secured before seismograph blasts can be performed under the waters of Lake Texoma.

Dear Mr. Martin:

Your recent letter asks the opinion of this office in regard to the question stated by you as follows:

"Does the County Judge's permission necessarily have to be secured before any seismograph blasts can be performed under the waters of Lake Texoma?"

The question is asked with specific reference to Article 924, Vernon's Penal Code, which reads in part as follows:

"It shall be unlawful for any person to place in any of the waters of this State any poison, lime, dynamite, nitroglycerin, giant powder or other explosives or to place in such waters any drugs, substances or things deleterious to fish life for the purpose of catching or attempting to catch fish by the use of such substances or things, or for any other purpose whatsoever, provided however that in event it becomes necessary to place any explosive in waters in connection with construction work, same may be authorized by written order of the County Judge of the County where the work is to be done."

In Attorney General's Opinion No. V-405 (1947), Article 924 of the Penal Code was held to be constitutional, and it was further held that the said article applied to waters of the Gulf of Mexico within the boundaries of the State of Texas.

-1415-

Hon. Dean Martin, page 2 (C-296)


On page seven of such opinion, we find the following statement:

"In amending the Act, /Article 924, V.P.C./ the 44th Legislature rather than enumerate the various kinds of waters, simply covered all waters by the term 'in any waters of this State.'"

And also this statement:

"Obviously a different rule applies to lands which have been leased or which may be leased hereafter from the State. When the lessee in good faith decides he must determine how and where to construct a derrick, drilling rig, etc., upon such lands and shows that use of dynamite is necessary in connection with such work, the County Judge of the proper County may permit such use under the proviso in Article 924, V.P.C. It is commonly known that detail work must be accomplished by exploratory methods which sometimes require use of explosives before a lessee can determine how and where to conduct actual construction and development operations on the lease he has purchased. Any of such operations reasonably necessary in connection with good faith construction work could be permitted by the County Judge of the County in which the submerged land is located."

We find no case law or statute which distinguishes between a river of the State and a federally-constructed lake in regard to the applicability of the provisions of Article 924, and agree with the above quoted rule in regard to leased land, whether from the State or from private individuals. We therefore conclude that the provisions of Article 924 apply to Lake Texoma, and that compliance must be made with that provision of the same requiring written order of the County Judge for the placing of any explosives in the lake in connection with construction work.

## S U M M A R Y

Permission of the County Judge of Grayson County must be secured before seismograph blasts can be performed on land situated in Grayson County and submerged under Lake Texoma.

Hon. Dean Martin, page 3 (C-296)

Very truly yours,

WAGGONER CARR
Attorney General

By: Edward P. Bolding
    Assistant

EPB:wb:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Frank Booth
Sam Kelley
John Reeves
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone